**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE FERNANDEZ-RAMIREZ, | No. 15-72263 |
| Petitioner, | Agency No. A098-950-915 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2020**
Portland, Oregon

Before: M. MURPHY,*** BENNETT, and MILLER, Circuit Judges.

Jose Fernandez-Ramirez petitions for review of a decision by the Board of

Immigration Appeals (BIA) denying his applications for withholding of removal

under section 241(b)(3) of the Immigration Nationality Act and for protection

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael R. Murphy, United States Circuit Judge for
the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

under the Convention Against Torture (CAT). He also challenges the BIA's adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition in part and dismiss the petition in part.

The BIA's factual findings, including adverse credibility determinations, are reviewed for substantial evidence. *See Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011). Under this deferential standard, the BIA's findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the BIA's adverse credibility determination. Petitioner made several inconsistent statements related to the key events supporting his claims. Most significantly, in a 2009 sworn statement to immigration officials, Petitioner did not express any fear about returning to Mexico based on the 2008 incidents that he now asserts support his claims. The BIA's adverse credibility determination is supported by substantial evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1044–45, 1046–47 (9th Cir. 2010).

We lack jurisdiction to consider Petitioner's unexhausted argument challenging the BIA's denial of withholding of removal. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). The immigration judge determined that withholding of removal could be denied based on the adverse credibility finding alone, suggesting that Petitioner's non-

2

discredited evidence was insufficient to support his withholding of removal claim. Petitioner failed to raise or challenge this holding before the BIA, as he never argued to the BIA that his non-discredited evidence alone was sufficient to support his withholding of removal claim or that it would be error to treat the adverse credibility determination as dispositive. We thus dismiss the petition with respect to the withholding of removal claim.

As for the BIA's denial of CAT relief, we disagree with Petitioner's argument that the BIA denied relief based solely on the adverse credibility determination. Though brief, the BIA's decision shows that it denied relief because the non-discredited evidence fails to support that Petitioner established a necessary element for CAT relief—that any torture would be "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Petitioner's evidence that the Mexican police would consent to or acquiesce in any torture was speculative and undermined by evidence showing that the police had issued a restraining order against the alleged persecutor in the past. In sum, the BIA's finding is supported by substantial evidence because the record does not compel a contrary conclusion.

**PETITION DENIED IN PART AND DISMISSED IN PART.**